## TEXAS LUMBER MFG. CO. v. PRINCE.

(Court of Civil Appeals of Texas. Galveston. Jan. 9, 1913. Rehearing Denied Feb. 6, 1913.)

1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—SUFFICIENCY OF PRESENTATION.

Assignment of error to part of a charge will not be considered, where the statement under the assignment does not show whether the instruction, if erroneous, was harmful.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.

Error in an instruction will not authorize a reversal, unless the evidence was such that the error reasonably tended to, and probably did, cause an improper verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

3. SALES (§ 88*)—CONTRACT—CONSTRUCTION.—QUESTION FOR JURY.

A contract by plaintiff to furnish mine props to defendant, plaintiff to pay the freight "at 25 cents per 100 lbs.," and defendant to pay the freight and charge plaintiff therewith, the amount to be deducted from the price, if not construed as an agreement by plaintiff merely to guarantee repayment to defendant of all freight paid not in excess of 25 cents per 100 pounds, cannot be construed as a matter of law as an agreement that defendant should charge plaintiff at that rate, regardless of what the amount was, paid by him.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 248–250; Dec. Dig. § 88.*]

4. TRIAL (§ 244*) — INSTRUCTIONS — PROMINENCE TO CLAIMS.

An instruction reciting that it is tendered by plaintiff as the general charge of the court and is given to the jury as such is not improper as giving undue prominence to plaintiff's claims.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

5. COMPROMISE AND SETTLEMENT (§ 25*)—INSTRUCTIONS.

An instruction that defendant pleaded final and complete settlement of the matters in controversy, which was denied by plaintiff, and that, if the parties did make full settlement after knowledge by both of all the facts, then plaintiff could not recover, was not affirmatively erroneous.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. § 96; Dec. Dig. § 25.*]

Appeal from District Court, Hardin County; L. B. Hightower, Judge.

Action by F. B. Prince against the Texas Lumber Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Dies & Parker, of Kountze, and Gordon Bullitt, of San Antonio, for appellant. John S. Prince, of Athens, and John L. Little, of Kountze, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover the sum of $3,018.37 alleged to be due him by the defendant upon a contract of sale by plaintiff to defendant of a lot of ties and mining props manufactured by plaintiff out of timber procured by him from defendant, and other sums alleged to be due plaintiff under said contract, among which was a claim for $1,445.89 alleged to be then due for ties and props, payment for which was refused by the defendant on the ground that they were not manufactured in accordance with the specifications of the contract.

The petition alleges the cause of action for the recovery of the $3,018.37 item as follows: "For cause of action, plaintiff alleges that on or about November, 1908, plaintiff entered into an oral agreement with defendant, whereby plaintiff was to chop, haul, and prepare and load on cars for the defendant at points in Hardin county, Tex., certain mine props and ties, etc., for which said timber said defendant agreed to pay certain prices alleged in said petition, etc. It was further understood and agreed that all mine props were to be shipped by defendant to Eagle Pass, Tex., and that plaintiff was to pay the freight to Eagle Pass, Tex., at 25 cents per 100 pounds, and defendant was to first pay said freight and charge plaintiff therewith and same was to be deducted from the said price of mine props; that plaintiff understood and believed 25 cents per 100 pounds to be the correct freight from points of shipment to Eagle Pass, and that said agreed freight rate was intended to cover freight to be paid to the railways for shipping said mine props as well as to limit plaintiff's liability to pay freight to the sum mentioned. Plaintiff alleges that while defendant had the right to charge him with any legitimate freight, not exceeding the 25 cents per hundredweight, that it has charged him with expense bills in the sum of about $5,229.48, which said expense bills embrace the freight actually paid, to wit, the sum of $2,211.37, and that the remainder of said sum, to wit, $3,018.11, is a wrongful charge, and one for no part of which plaintiff was under said contract liable to pay." Defendant answered by general denial, and further that by agreement plaintiff was shipping the mine props through defendant as an accommodation to plaintiff, that plaintiff was selling the timber to defendant out of which to manufacture the props, and that defendant was to get returns upon such shipments, and was to retain the purchase price of the timber and expense of shipment, and other expenses and advances by defendant to plaintiff, and the freight at the rate of 25 cents per hundredweight. The trial in the court below resulted in verdict and judgment in favor of the plaintiff for the sum of $750. As found by the verdict of the jury, $500 of this amount was for "excess freight charges," and $250 "for cull props." The questions presented by the appellant's assignments affect only that portion of the judgment awarding plaintiff $500 for "excess freight charges."

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1]. The first assignment of error and the first proposition submitted thereunder are as follows: "The court erred in that portion of its charge wherein the jury is instructed as follows: 'The plaintiff seeks to recover from the defendant certain money which he alleges was wrongfully charged against him by defendant as freight on said props, and upon this issue I charge you that if you believe from the evidence, if any, that the plaintiff did agree to pay the defendant 25 cents per hundred pounds on all props from the points of shipment to the points of destination without regard to what the freight might in fact be, then the plaintiff cannot recover for such freight except the same exceed the 25 cents per hundred pounds on props from the points of shipment to points of destination, but the plaintiff is entitled to recover all freight on any car of said props in excess of 25 cents per hundredweight, if any, but, if you further find that the freight rate of 25 cents per hundred pounds was intended to cover freight actually paid not to exceed the actual freight rate, then plaintiff is entitled to recover from defendant for any freight charged against him, if any, in excess of any freight actually paid, if any, and the burden of proof is on the defendant to show that the expense bills so charged against plaintiff as freight on said props were proper charges.' "

First proposition: "The burden is upon the party holding the affirmative of the issue, and a charge instructing the jury otherwise is reversible error." The statement under this proposition contains only a copy of the portion of plaintiff's petition before set out and a general statement of the substance of defendant's answer. There is no statement of any fact shown by the evidence, nor any statement that the evidence raised any issue on the question of the amount of freight charged plaintiff by the defendant.

[2] Upon this statement we do not think the assignment and proposition should be sustained. Conceding, for the sake of argument, that upon the case made by the pleadings the charge erroneously placed the burden of proof upon the defendant, if the evidence was not conflicting upon the issue, but established beyond controversy that the defendant had made excessive freight charges against plaintiff to the amount found by the jury, such error in the charge would be harmless. From the statement following this proposition, we cannot tell whether or not the charge, if erroneous, was harmful, and no error in a charge will authorize the setting aside of the verdict of a jury and the judgment rendered thereon, unless the evidence in the case was such that the error in the charge was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict. Unless an assignment of error complaining of an erroneous instruction to the jury is followed by a suffi-

cient statement of the facts to enable the appellate court to say that the error in the charge was probably harmful, such assignment fails to present any ground for reversing the judgment of the trial court. Appellate courts are not authorized to reverse a judgment for abstract errors in the charge of the trial court, and we cannot say from the statement under this assignment that the error complained of was material, or was calculated to influence the jury in reaching a verdict. We do not think this court should be required to go through the statement of facts in order to ascertain whether the state of the evidence was such that the charge upon the burden of proof was probably harmful to the appellant, but the statement under the assignments should be sufficient to enable the court to determine that question. This is the rule adopted by our Supreme Court as to the sufficiency of assignments in an application for writ of error to that court (rule 5a for the Supreme Court), and we can see no reason for not applying this rule to assignments presented in this court.

[3] Under the second proposition submitted under this assignment, appellant contends that the charge was erroneous because both the pleadings and evidence show that plaintiff agreed to pay 25 cents per 100 pounds freight charges on the timber, and therefore the issue as to what rate of freight plaintiff agreed to pay should not have been submitted to the jury. This contention is without merit. If the contract alleged and shown by the testimony should not be construed as only an agreement by plaintiff to guarantee the repayment to defendant of all freight paid by it not in excess of 25 cents per 100 pounds, it certainly cannot as a matter of law be construed as an agreement that defendant should charge him with 25 cents per 100 pounds for freight, regardless of what amount was paid by it. Defendant, at most, can only claim that the contract is ambiguous in this regard, and there was ample evidence to sustain plaintiff's contention as to what the parties intended by the contract.

The third, fourth, and fifth propositions submitted under the assignment are without merit, and are overruled without discussion.

[4] The second assignment of error complains of the charge on the ground that it was prepared by the attorney for plaintiff, and that the court in submitting the charge informed the jury that "this charge is tendered by plaintiff as the general charge of the court, and is given to the jury as such." We can see no force in appellant's contention that this statement in the charge was a violation of the rule which prohibits the trial court from giving undue prominence in his charge to the claims of either party to the suit. We think this contention is wholly untenable, and the assignment cannot be sustained.

[5] The third assignment is as follows:

"The court erred in instructing the jury as follows: 'Defendant pleads final and complete settlement between it and plaintiff with reference to the matters in controversy. This the plaintiff denies. .Now, if you find from the evidence that plaintiff and defendant did make a full and complete settlement of all matters in controversy, and said settlement, if any, was made after a knowledge, by both parties, of all the facts, then plaintiff cannot recover.'" There is no affirmative error in this charge. If the jury found the facts to exist as stated in the charge, they were correctly instructed that plaintiff could not recover. If the defendant was entitled to a verdict upon proof. of other or only a part of the facts stated in the charge, it should have requested the court to so instruct the jury, and, having made no such request, cannot complain of the charge given.

The fourth and fifth assignments complain of the verdict on the ground that it is not supported by the evidence. There is sufficient evidence in the record to sustain a larger verdict than that found by the jury.

We find no reversible error presented by appellant's brief, and the judgment of the court below is affirmed.

Affirmed.