WHITE et al. v. LOWRY. (No. 6553.)

(Court of Civil Appeals of Texas. Galveston. April 18, 1914.)

APPEAL AND ERROR (§ 742*)—REVIEW—HARMLESS ERROR.

An assignment of error, complaining of the refusal of the court which rendered a default judgment against defendants to file findings of fact and conclusions of law, must be overruled where the statement thereunder did not show the ground of the motion for new trial, excuse defendants' default, or show that they had a good defense; it not appearing defendants were in any way harmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Action by M. W. Lowry against E. A. White and others. From a judgment for plaintiff, defendants appeal. Affirmed.

P. A. Dowlen and David E. O'Fiel, both of Beaumont, for appellants. Jas. A. Harrison, of Beaumont, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellants to recover on a note for $3,483.55 and to foreclose a mortgage lien given by appellants, upon land described in the petition, to secure the payment of said note. The defendants were duly served with citation on June 12, 1912. On February 3, 1913, no answer having been filed by the defendants, judgment by default was rendered in favor of plaintiff for the amount due upon the note and foreclosing the lien upon the land described in the petition. Appellant in due time filed a motion to set aside the judgment by default, and for a new trial. This motion was heard and overruled by the court on the 29th day of March, 1913, which was the last day of the term of the court. Appellants excepted to the ruling of the court, gave notice of appeal, and requested the court to file conclusions of fact and law. No conclusions were filed by the court. On June 24, 1913, appellant presented to the trial judge a bill of exceptions to his failure to file conclusions of fact and law. This bill was approved by the judge and filed by the appellants on said date. In his approval of the bill the judge states that his failure to file the conclusions was due to the fact that in the press of other business he "overlooked the preparation and filing" of said conclusions and orders that the bill be filed and made a part of the record.

The only assignment of error presented in appellants' brief complains of the failure of the trial judge to file his conclusions of fact and law. As presented the assignment shows no sufficient ground for a reversal of the judgment. The statement under the assignment does not show the grounds of the motion for new trial; and, so far as we are informed by the brief, appellants may have had no defense to plaintiff's suit. There is nothing in the statement in the brief to indicate what, if any, issues of fact would or could have been raised by the defendants had they filed an answer before the judgment by default was rendered, nor is there anything to show upon what ground appellants sought to excuse their failure to answer, or that any issue of fact was raised upon this ground of the motion. From this showing it does not appear that conclusions of fact and law could have been of any benefit to appellants, and consequently the assignment as presented does not show any error prejudicial to appellants. Unless the statement under an assignment shows that the error complained of was probably harmful, the assignment fails to present ground for the reversal of the judgment of the trial court. The assignment is overruled. Texas Lumber Mfg. Co. v. Prince (Tex. Civ. App.) 154 S. W. 231. This disposes of the only question presented

---

by appellants' brief, and it follows that the judgment of the court below must be affirmed; and it has been so ordered.

Affirmed.